J-S36034-22

2023 PA Super 17

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID FRANK STAHL | : | |
| | : | |
| Appellant | : | No. 1522 WDA 2021 |

Appeal from the PCRA Order Entered December 7, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001233-2012

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                    **FILED: FEBRUARY 7, 2023**

Appellant, David Frank Stahl, appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas (trial court), which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing.  For the reasons set forth below, we affirm.

On June 27, 2014, a jury convicted Appellant of first-degree murder for strangling his wife to death and the trial court the same day sentenced Appellant to life imprisonment without parole.  Following the trial court's imposition of restitution and denial of Appellant's timely post sentence motion, Appellant timely appealed, and this Court on November 29, 2016 affirmed his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

judgment of sentence. ***Commonwealth v. Stahl***, 159 A.3d 601 (Pa. Super. 2016) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on May 31, 2017. ***Commonwealth v. Stahl***, 169 A.3d 554 (Pa. 2017).

On August 9, 2017, Appellant filed a "Petition for Release of Notes of Testimony and All Other Related Documents," which the trial court treated as a timely first PCRA petition. The trial court appointed PCRA counsel to represent Appellant and Appellant's PCRA counsel on December 8, 2017 filed a PCRA petition raising the claim that Appellant's two trial counsel were ineffective for failing to pursue a voluntary intoxication defense. 2017 PCRA Petition at 7-12. Following a hearing, the trial court on December 6, 2018 denied that PCRA petition. Appellant timely appealed, and this Court on October 8, 2019 affirmed. ***Commonwealth v. Stahl (Stahl III)***, 222 A.3d 818, No. 35 WDA 2019 (Pa. Super. 2019) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on May 13, 2020. ***Commonwealth v. Stahl***, 233 A.3d 678 (Pa. 2020).

On July 22, 2020, Appellant filed the instant second PCRA petition in which he asserted that his PCRA counsel was ineffective in representing him with respect to his first PCRA petition and for failing to pursue claims that he asked her to assert. 2020 PCRA Petition at 4. The trial court appointed counsel to represent Appellant on this PCRA petition and that second PCRA

counsel on November 23, 2020 filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On February 17, 2021, the trial court entered a Pa.R.Crim.P. 907 notice of its intent to dismiss this PCRA petition without a hearing both on the ground that it was time-barred and on the ground that Appellant's claims of ineffective assistance of PCRA counsel were without merit.

Appellant filed a *pro se* response to the trial court's Rule 907 notice addressing both the timeliness issue and the nature of the claims that he sought to assert. In this response, Appellant contended that his 2020 PCRA petition was timely under the government interference and newly discovered facts exceptions to the PCRA's time bar, 42 Pa.C.S. § 9545(b)(1)(i) and (ii), and that he should be allowed to assert a claim of ineffectiveness of PCRA counsel promptly after the completion of appeals from the denial of his first PCRA petition because he had no other opportunity to do so. Response to Rule 907 Notice at 1-10. Appellant also stated in his response that he was asserting the following three claims of ineffective assistance of the PCRA counsel appointed to represent him on his first PCRA petition: 1) failure to pursue a claim that trial counsel was ineffective for not asserting a challenge based on **Batson v. Kentucky**, 476 U.S. 79 (1986) and **J.E.B. v. Alabama**, 511 U.S. 127 (1994) to the selection of an all-female jury; 2) failure to pursue a claim that trial counsel was ineffective for not seeking a change of venue;

and 3) ineffectiveness of PCRA counsel in investigating and litigating the voluntary intoxication ineffectiveness claim that she did pursue. Response to Rule 907 Notice at 11-19.

On November 17, 2021, the trial court issued an order dismissing Appellant's second PCRA petition without a hearing and granting second PCRA counsel's motion to withdraw. Trial Court Order, 11/17/21. This order, however, was not delivered to Appellant, as the copy sent to Appellant was returned to the trial court as undeliverable. Trial Court Order, 12/7/21. On December 7, 2021, the trial court accordingly entered an amended order served on Appellant with a copy of the November 17, 2021 order, stating that the November 17, 2021 order remained in effect and advising Appellant that he had thirty days from December 7, 2021 to appeal. *Id.* This timely appeal followed.

Appellant argues in this appeal both that his 2020 PCRA petition is not time-barred and his three claims of ineffectiveness of PCRA counsel are meritorious. We conclude that Appellant's claims of ineffective assistance of PCRA counsel are barred by the PCRA's time limit and therefore affirm the dismissal of his 2020 PCRA petition without considering whether the trial court was also correct in ruling that those claims could be dismissed on the merits without a hearing.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* In addition, these exceptions can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Hipps*, 274 A.3d 1263, 1267 (Pa. Super. 2022). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA claim. *Commonwealth v. Fahy*, 737 A.2d 214, 222-23 (Pa. 1999); *Hipps*, 274 A.3d at 1267; *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on August 29, 2017, upon expiration of the 90-day period to file a petition for certiorari to the United States Supreme Court following the May 31, 2017 denial of his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. The

instant PCRA petition was filed on July 22, 2020, more than two years after the judgment became final and is therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii) and that he filed this PCRA petition within one year after he first could have done so.

Appellant argues that the PCRA's exceptions for government interference and for newly discovered facts, Sections 9545(b)(1)(i) and (ii), make his PCRA claims timely. Neither of these exceptions, however, applies to any of the claims in Appellant's 2020 PCRA petition. Ineffectiveness of PCRA counsel that does not wholly deprive the defendant of collateral or appellate review does not satisfy these exceptions. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000); *Hipps*, 274 A.3d at 1268-72.

The only factual basis on which Appellant argues that these exceptions apply is that he allegedly has been denied material that he contends that he needs to assert claims of ineffective assistance of PCRA counsel with respect to his *Batson* and *J.E.B.* all-female jury claim. Response to Rule 907 Notice at 2-9; Appellant's Brief at 21-35, 66-68.[2] Appellant does not assert any claim

---

[2] Appellant has also filed an application in this appeal seeking an order from this Court compelling his trial counsel, his first PCRA counsel, and his second PCRA counsel to provide him with copies of their files. The attorneys against whom Appellant seeks such an order, however, are neither parties to this appeal nor have they entered any appearance in this appeal. Moreover,
*(Footnote Continued Next Page)*

of government interference or newly discovered facts with respect to his claims concerning change of venue or inadequate litigation of the voluntary intoxication claim. To the contrary, Appellant bases his claim of ineffective assistance of PCRA counsel in failing to raise the change of venue issue on media coverage of his case in the two years leading up to his 2014 trial. Appellant's Brief at 49-56. With respect to PCRA counsel's litigation of the voluntary intoxication issue, the information that Appellant contends that PCRA counsel failed to investigate consists of records in a civil case from 2014 and the extent of the evidence that PCRA counsel presented on the voluntary intoxication issue was known to Appellant in 2018, when he was present at the PCRA hearing and when the trial court denied the PCRA. Appellant's Brief at 54-62; *Stahl III*, 222 A.3d 818, No. 35 WDA 2019, slip op. at 5, 8-13.

Appellant's allegations also fail to satisfy the requirements of government interference and newly discovered facts exceptions with respect to the *Batson* and *J.E.B.* all-female jury claim as to which he attempts to assert these exceptions. Appellant admits that he was aware when his trial

_____

Appellant has not served any of these attorneys with his application to compel. *See* Motion to Compel Proof of Service (stating that Appellant served the application only on this Court and the Commonwealth). Accordingly, this Court denies Appellant's application, without prejudice to his right to bring an action in which his former attorneys are parties and have the opportunity to respond to seek an order compelling them to provide him with those documents. Denial of Appellant's application has no effect on the adjudication of this appeal, as any information obtained from the attorneys after the filing of this appeal would not be part of the record on which the appeal is decided.

occurred in 2014 of the all-female composition of his jury, that he was present for jury selection, and that he knew at that time that his trial counsel were not raising objections to the Commonwealth's peremptory strikes of male jurors and sought to have female jurors. Appellant's Brief at 34, 44-45, 49. Appellant also admits that he knew enough to seek to raise this claim of ineffective assistance of counsel at the time of his first PCRA, that he asked PCRA counsel in 2018 to assert this claim, and that he knew in 2018, more than one year before he filed his 2020 PCRA petition, that PCRA counsel declined to assert this claim, not based on anything in the transcripts or records of jury selection that he claims that he is being denied, but because trial counsel made a strategic decision that it was desirable to have female jurors. *Id.* at 62-63. Indeed, Appellant has not alleged that he learned any new fact supporting his *Batson* and *J.E.B.* all-female jury claim in the year before he filed the instant PCRA petition in July 2020 or that anything occurred that affected his ability to assert that claim during that one-year period.

Appellant also argues that under our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), his PCRA petition is not time-barred because it was allegedly his first opportunity to raise ineffectiveness of PCRA counsel. Appellant's Brief at 36-43, 64. We do not agree.

In *Bradley*, our Supreme Court addressed the dilemma of when a defendant may raise claims of ineffective assistance of PCRA counsel and held

that such claims may be raised for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. 261 A.3d at 401-05. Here, Appellant did not invoke the opportunity to challenge the effectiveness of PCRA counsel that *Bradley* provides. Appellant never sought to raise his claims of ineffectiveness of PCRA counsel during the course of the appeal from the denial of his timely first PCRA petition, although, as discussed above, he was fully aware of those claims of ineffectiveness of PCRA counsel. While Appellant was still represented by PCRA counsel throughout the appeal and that counsel could not raise her own ineffectiveness, *id.* at 398; *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), a defendant in that situation who wishes to assert claims that PCRA counsel was ineffective can request to have new counsel appointed to permit the assertion of such claims or can seek to represent himself. *See, e.g., Commonwealth v. Greer*, No. 386 MDA 2022, slip op. at 4-5 (Pa. Super. filed Oct. 20, 2022) (unpublished memorandum) (remanding for appointment of new counsel to permit defendant to assert claims of PCRA counsel ineffectiveness); *Commonwealth v. Smith*, 2598 EDA 2021, slip op. at 4 (Pa. Super. filed Oct. 12, 2022) (unpublished memorandum) (same). Appellant did not do so at any point during his appeal from the trial court's denial of his first PCRA petition.

Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in **Bradley** unambiguously **rejected** the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel. 261 A.3d at 403-04 & n.18. The Supreme Court not only stated that the opportunity that it allowed to raise claims of ineffective assistance of PCRA counsel "does not sanction extra-statutory serial [PCRA] petitions," but also expressly held:

> We decline to adopt the approach, suggested by Appellee and Amicus Pennsylvania Innocence Project, that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. See 42 Pa.C.S. § 9545(b)(1)(ii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar.

261 A.3d at 403, 404 n.18 (citations omitted). **See also id.** at 406 (Justice Dougherty concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's

ineffectiveness because it was his 'first opportunity to do so'"). **Bradley** therefore cannot make Appellant's 2020 PCRA petition timely.[3]

Because Appellant has not shown that any statutory exception to the PCRA's one-year time limit applies to the claims of ineffective assistance of PCRA counsel that he asserted in his 2020 PCRA petition and **Bradley** does not provide an exception to the PCRA's time bar, the trial court correctly held that Appellant's 2020 PCRA petition was untimely. We therefore affirm the trial court's dismissal of that PCRA petition without a hearing.

Order affirmed. Application to compel denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2023

_____

[3] This conclusion, moreover, is supported by the persuasive non-precedential decisions of other panels of this Court that have addressed this issue and have repeatedly held that **Bradley** does not permit the filing of a subsequent untimely PCRA petition as a method of raising claims of ineffectiveness of PCRA counsel. **See, e.g., Commonwealth v. Bingaman**, No. 123 WDA 2022, slip op. at 5-7 (Pa. Super. Oct. 21, 2022) (unpublished memorandum); **Commonwealth v. Bernal**, No. 974 MDA 2021, slip op. at 4-6 & nn.2, 3 (Pa. Super. filed Sept. 13, 2022) (unpublished memorandum); **Commonwealth v. Dennis**, No. 1926 EDA 2021, slip op. at 7-9 (Pa. Super. filed Aug. 29, 2022) (unpublished memorandum).