J-A01043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                     :           PENNSYLVANIA
                                                       :
                    v.                                 :
                                                       :
SAHEED O. SAUNDERS                      :
                                                       :
                  Appellant                :       No. 404 EDA 2022

Appeal from the PCRA Order Entered March 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009795-2008

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 18, 2023**

Saheed O. Saunders appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After review, we dismiss the appeal.

On January 18, 2008, at approximately 8:00 p.m., Saunders and two other men were standing together on Huntingdon Street in Philadelphia. The victim owed one of the three men $400.00. The group robbed the victim, emptying the victim's pockets, where they found, *inter alia*, $700.00 in cash. They then drove in the victim's car to an ATM machine and attempted to withdraw cash using the victim's bank card. Next, they drove to Chalmers Recreation Center, where they asked the victim to call his wife to determine if there was cash in their home, to which she responded in the negative. Thereafter, Saunders pistol-whipped the victim and the other two individuals

searched the victim's car for valuables, at which point they found half an ounce of cocaine. The three men decided to leave, and the victim began to yell threats at the three men. Saunders then stated that "he wasn't getting shot no more," returned to the car and shot the victim twice. The next morning, the group burned the victim's car, with him inside, to destroy the evidence.[1]

On March 8, 2013, Saunders was convicted by a jury of one count each of second-degree murder, conspiracy to commit robbery, robbery, kidnapping, and carrying a firearm without a license. He was represented by David Rudenstein, Esquire, at trial. The court imposed a mandatory sentence of life in prison for the murder charge with all other sentences to run concurrently. Saunders filed post-sentence motions, which the court denied on June 28, 2013. On appeal to this Court, Saunders judgment of sentence was affirmed. *See Commonwealth v. Saunders*, 105 A.3d 783 (Pa. Super. 2014) (Table). Saunders' petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on December 31, 2014. *See Commonwealth v. Saunders*, 106 A.3d 725 (Pa. 2014) (Table). Saunders did not seek review in the United States Supreme Court. *See* U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying

---

[1] *See* Trial Court Opinion, 10/1/12, at 2-4, for a thorough recitation of the facts.

discretionary review). Saunders' judgment of sentence became final on March 31, 2015, and, thus, he had until March 31, 2016, to file any and all PCRA petitions.

On February 23, 2015, Saunders filed a timely *pro se* PCRA petition and Mitchell Strutin, Esquire, was appointed as counsel. On October 29, 2015, Attorney Strutin filed a **Turner/Finley** no-merit letter[2] and requested leave to withdraw. On December 21, 2015, the court dismissed Saunders *pro se* petition and granted Attorney Strutin's motion to withdraw as counsel. Saunders filed an appeal on January 22, 2016 and, while that appeal was pending, a second *pro se* PCRA petition. On April 6, 2016, Sanders' second *pro se* petition was dismissed due to Saunders' pending appeal in this Court.

On April 6, 2017, this Court vacated the order dismissing Saunders' first PCRA petition and remanded for the PCRA court to conduct an evidentiary hearing on Saunders' claim that trial counsel, Attorney Rudenstein, was ineffective for failing to call alleged alibi witness Sherry Lockett, Saunders' cousin. This Court also directed that PCRA counsel be appointed and, if counsel deemed necessary, an amended petition be filed. **See Commonwealth v. Saunders**, 308 EDA 2018 (Pa. Super. filed April 6, 2017) (unpublished memorandum decision).

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

On May 17, 2017, the PCRA court appointed Earl Kauffman, Esquire, who filed an amended PCRA petition reasserting Saunders' ineffective assistance of counsel claim.[3] On March 28, 2018, the PCRA court held an evidentiary hearing on the sole issue of trial counsel's alleged ineffectiveness for failing to call Sherry Lockett as an alibi witness. Following the hearing, the Court dismissed Saunders' petition.[4] Saunders did not file an appeal.

On July 26, 2018, Saunders filed a third *pro se* PCRA petition claiming that Attorney Kauffman failed to file a requested appeal of the March 28, 2018 dismissal of his first PCRA petition, and sought reinstatement of his collateral appeal rights, *nunc pro tunc*. On August 20, 2018, before the PCRA court ruled on Saunders' third *pro se* PCRA petition, Saunders' filed a *pro se* notice of appeal. At a status hearing on September 28, 2018 before the PCRA court, Attorney Kauffman stated that he would withdraw the pending *pro se* appeal. On October 3, 2018, this Court granted the motion to withdraw the appeal.

_____

[3] In the amended PCRA petition, Attorney Kauffman also averred that Saunders wished to add an illegality of sentencing claim under **Miller v. Alabama**, 567 U.S. 406 (2012). However, Attorney Kauffman noted that he would not raise this claim at an evidentiary hearing because **Miller** does not apply to a defendant who is 18 or older.

[4] At the evidentiary hearing, Lockett testified that the last time she saw Saunders that night was between 6:30 p.m. and 7:00 p.m., **see** N.T. Evidentiary Hearing, 3/28/18, at 12, at least an hour before the murder occurred. **See also** PCRA Court Opinion, 4/13/22, at 12 ("Because [Lockett] did not actually provide [Saunders] with an alibi, [Attorney Rudenstein] had no reason to call [Lockett] as a witness, and could not have been ineffective for failing to do so.").

On November 30, 2018, Saunders filed, though Attorney Kauffman, an amended third PCRA petition requesting that his rights to appeal the March 28, 2018 dismissal of his first PCRA petition be reinstated, *nunc pro tunc*, because Attorney Kauffman did not file Saunders' requested appeal. The amended PCRA petition concedes, "[Saunders] advised counsel he wished to appeal." PCRA Petition, 11/30/2018, at 2. On December 7, 2018, the PCRA court granted Saunders relief and, through Attorney Kauffman,[5] Saunders filed a notice of appeal, *nunc pro tunc*.

On October 21, 2019, this Court dismissed Saunders' appeal, finding that his amended third *pro se* petition was untimely and therefore, the PCRA court lacked jurisdiction to reinstate his right to appeal the dismissal of his first *pro se* petition. **See Commonwealth v. Saunders**, 28 EDA 2019 (Pa. Super. filed October 21, 2019) (unpublished memorandum decision). This Court reasoned that pursuant to **Commonwealth v. Ballance**, 203 A.3d 1027 (Pa. Super. 2019), Saunders was required, but failed to, plead and prove any of the timeliness exceptions in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). This Court also permitted Attorney Kauffman to withdraw.

Saunders filed a fourth *pro se* PCRA petition on November 15, 2019, wherein he again requested reinstatement of his right to appeal the dismissal

---

[5] Although Saunders was still represented by Attorney Kauffman on appeal and counsel could not raise his own ineffectiveness, "a defendant [who wishes] to assert claims that PCRA counsel was ineffective can request to have new counsel appointed to permit the assertion of such claims or can seek to represent himself." **Commonwealth v. Stahl**, 2023 PA Super 17, --- A.3d ---, *3 (Pa. Super. 2023).

of his first *pro se* PCRA petition and raised an ineffective assistance of counsel claim based on Attorney Kauffman's failure to file an appeal. Saunders claimed it was not until October 3, 2018 that he learned Attorney Kauffman did not file an appeal of the PCRA court's dismissal of Saunders' first petition and, thus, he met a timeliness exception. James Berardinelli, Esquire, was appointed as PCRA counsel on July 24, 2020, but moved to withdraw on September 1, 2020. On September 18, 2020, Attorney Berardinelli was relieved, and on September 22, 2020, the court appointed Coley Reynolds, Esquire, as PCRA counsel.

On April 5, 2021, Saunders filed a motion to proceed *pro se.* However, before the court could rule on his motion, Saunders retained Teri Himebaugh, Esquire, as counsel. On December 1, 2021, Attorney Himebaugh filed an amended fourth petition, raising claims of police misconduct and **Brady**[6] violations and seeking reinstatement of Saunders' right to appeal from the March 28, 2018 dismissal of his first PCRA petition. Upon finding that it had jurisdiction due to the newly-discovered fact exception to the PCRA time bar, the PCRA court reinstated Saunders' rights to appeal, *nunc pro tunc*, the dismissal of his first PCRA petition.

---

[6] **Brady v. Maryland**, 373 U.S. 83 (1963) (holding "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

On December 18, 2021, Saunders filed a *nunc pro tunc* appeal from the PCRA court's December 21, 2015 order dismissing his first petition. However, that order had already been vacated and the case remanded for an evidentiary hearing. Thereafter, the docket was corrected to reflect that the appeal lies from the March 28, 2018 order dismissing his first PCRA petition. Following this correction, Saunders was directed to, and timely filed, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Saunders raises one question for our review: "Did the PCRA [c]ourt err when it found that trial counsel was not ineffective, in violation of [Saunders'] Sixth Amendment rights, for failing to present alibi witness Sherry Lockett?" Appellant's Brief, at 3. Specifically, Saunders argues that the PCRA court abused its discretion by not giving sufficient weight to the 2010 statement Lockett made. Saunders claims that the "last time [Lockett] had a clear independent, personal memory of what took place was when she gave her statement in 2010 to the private investigator." Appellant's Brief, at 19.

However, "[b]efore [this Court] can address the merits of [this] issue, [] we must determine if the PCRA court had jurisdiction to restore [Saunders' collateral] appeal [rights] such that this appeal is properly before us for review." **Ballance**, **supra** at 1030-31. A petitioner must file a PCRA petition within one year of the date his judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1); **id.** at § 9545(b)(3) (stating that judgment of sentence becomes final at conclusion of direct review or expiration of time for seeking review). If a petitioner fails to file a PCRA petition within one year,

he must plead and prove an exception to the one-year time bar listed in 42 Pa.C.S.A. § 9545(b)(i)-(iii). This jurisdictional time bar is applied to all petitions, including second or subsequent petitions. **Ballance**, **supra** at 1031.

Here, Saunders' judgment of sentence became final on March 31, 2015, 90 days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court. Thus, he had one year, or until March 31, 2016, to file any and all petitions. **Id.** The petition pursuant to which the PCRA court granted the relief resulting in his *nunc pro tunc* appeal—Saunders' fourth—was filed on November 15, 2019, almost four years after this judgment of sentence became final. Thus, Saunders was required to plead and prove a timeliness exception.

Although Saunders' fourth petition pleads an exception, he fails to prove its merit. Saunders argues that "the Superior Court specifically stated in its Order that the 'new fact exception' to the PCRA's time-bar, 42 Pa.C.S.[A]. § 9545(b)(I)(ii), was applicable."[7] Fourth Amended PCRA Petition, 12/01/21, at

---

[7] In **Saunders**, 28 EDA 2019, while reviewing Saunders *third* PCRA petition, this Court stated,

> The unjustified failure to file a requested appeal constitutes *per se* ineffectiveness. **See Commonwealth v. Lantzy**, 736 A.2d 654, 572 (Pa. 1999). In **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018), our Supreme Court held that the petitioner's discovery of his counsel's *per se* ineffectiveness constituted a newly discovered 'fact' that satisfied the timeliness exception of section 9545(b)(l)(ii), as the petitioner had pled applicability of the timeliness exception within 60 days of learning of his counsel's

*(Footnote Continued Next Page)*

6. Specifically, Saunders claims that he did not know Attorney Kauffman failed to file a requested appeal of Saunders' first PCRA petition following the March 28, 2018 evidentiary hearing until October 3, 2018. **See** Third *Pro Se* PCRA Petition, 11/15/2019, at 11, 13 (unpaginated). Thus, Saunders claims he had until October 3, 2019 to file a PCRA petition.

Here, however, even accepting Saunders' argument that counsel's ineffectiveness was a newly discovered fact, Saunders' fourth petition, filed on November 15, 2019, is *still* beyond his allotted time to file PCRA petition. **See** 42 Pa.S.C.A. § 9545(b)(2) ("Any petition invoking a [timeliness exception] in [42 Pa.S.C.A. § 9545(b)(1)] shall be filed within one year of the date the claim could have been presented.").[8]

_____

ineffectiveness, and he demonstrated that he could not have discovered it sooner with the exercise of due diligence.

*Id.* at 10 n.5. We note that as of December 15, 2018, the 60-day time bar to file a petition has been extended to one year. **See** 42 Pa.C.S.A. § 9545(b).

[8] We are cognizant of our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), where it determined that a petitioner is permitted to raise claims of ineffective PCRA counsel at the first opportunity to do so, even if on appeal. *Id.* at 401. However, **Bradley** does not create an exception to the PCRA's time bar. *Id.* at 404 n.18 ("We decline to adopt [an] approach [] that would deem a petitioner's 'discovery' of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the 'new fact' exception."). **See also Stahl**, *supra* at *4, citing **Bradley**, at 406 (Justice Dougherty concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so.'").

Because Saunders failed to plead *and* prove a timeliness exception, the PCRA court lacked jurisdiction to consider the merits of his petition. Accordingly, the PCRA court's reinstatement of Saunders' collateral appeal rights, *nunc pro tunc*, was in error.  ***Ballance***, ***supra***.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2023