**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY BABINGER, II | : | |
| APPELLANT | : | |
| | : | No. 1080 WDA 2022 |

Appeal from the PCRA Order Entered August 17, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007140-2015


BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                **FILED:  June 15, 2023**

Harry Babinger, II, appeals *pro se* from the order, entered in the Court of Common Pleas of Allegheny County, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

On February 10, 2016, Babinger was brought for trial for various crimes stemming from the sexual abuse of his then five-year-old daughter.[1]  The following day, the court declared a mistrial after the jury failed to reach a verdict.  On April 12, 2016, Babinger was again brought to trial and was

---

[1] Babinger was convicted of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3121(b); unlawful contact with a minor, *id.* at § 6318(1); sexual assault, *id.* at § 3121.1; incest, *id.* at § 4302(b); indecent assault, *id.* at § 3126(a)(7); and endangering the welfare of a child, *id.* at § 4304.  On November 7, 2016.  Babinger was also determined to be a sexually violent predator.  Order, 11/7/16.

convicted of the above-mentioned offenses. On June 27, 2016, the court sentenced Babinger to an aggregate term of 23 to 46 years' incarceration and 7 years of probation. He filed a post-sentence motion, which the trial court denied on June 30, 2016. Babinger filed a timely notice of appeal. On January 19, 2018, this Court affirmed his judgment of sentence. **See Commonwealth v. Babinger**, 1101 WDA 2016 (Pa. Super. filed Jan. 19, 2018) (unpublished memorandum decision).[2] Babinger did not seek allowance of appeal in the Pennsylvania Supreme Court. **See** Pa.R.A.P. 1113(a).[3]

On May 21, 2018, Babinger filed a *pro se* PCRA petition, his first. The PCRA court appointed Heather Kelly, Esquire, as PCRA counsel. On September 21, 2018, Attorney Kelly filed a **Turner**/**Finley**[4] "no-merit" letter seeking to withdraw. On the same day, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Babinger's petition in 20 days, stating that his claims lacked arguable merit. Twenty-one days later, on October 12, 2018, Babinger requested an additional 90 days to respond to the order dismissing his

---

[2] This Court also vacated, as unconstitutional, Babinger's status as a sexually violent predator and remanded only for the trial court to issue notice regarding his sexual offender registration requirements. **See** 42 Pa.C.S.A. § 9799.23.

[3] For purposes of the PCRA, Babinger's judgment of sentence became final on February 19, 2019, or one year after the time expired for him to file a petition for allowance of appeal with the Pennsylvania Supreme Court.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). **See also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

petition, claiming that he had not received Attorney Kelly's "no-merit" letter due to mail restrictions at the prison.[5]  The PCRA court did not rule on this request.  On October 29, 2018, the PCRA court granted Attorney Kelly's motion to withdraw and dismissed Babinger's petition.  The order notified Babinger that he had 30 days within which to file an appeal to this Court; however, Babinger filed no appeal.

Instead, on November 20, 2018, Babinger filed a "Motion to Stay Dismissal and Appoint New Counsel" in which he requested the appointment of new PCRA counsel and leave to amend his petition.  In Babinger's motion, he also claimed that Attorney Kelly did not comply with the procedural requirements of *Turner*/*Finley* and that Attorney Kelly only communicated once with Babinger.  The PCRA court did not respond to this filing.[6]

_____

[5] Babinger's claim in the October 12, 2018 letter that he did not receive Attorney Kelly's no-merit letter due to issues with the prison's mail system is belied by the record.  Attorney Kelly's "no-merit" letter and the PCRA court's Rule 907 notice are dated the same day and entered on the docket, with Pa.R.C.P. 236 notice having been given.  Babinger, although one day late, did respond to the court's Rule 907 notice.

[6] Babinger is correct that counsel is required to contemporaneously serve his or her client the no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro* se or with a privately-retained attorney.  **See Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006).  However, the record shows that on September 21, 2018, Attorney Kelly sent Babinger a copy of the "no-merit" letter, her application to withdraw as counsel, and informed him of his right to proceed *pro se* or with private counsel at his SCI Forest address.

Additionally, on February 12, 2019, Babinger filed a "Petition for Restoration of his Appellate Rights and Appointment of New Counsel" wherein he reiterated that Attorney Kelly had only communicated with him once and that she failed to serve him with the *Turner*/*Finley* "no-merit" letter. The PCRA court also did not respond to this filing.[7]

On August 5, 2019, Babinger filed a second *pro se* PCRA petition. The PCRA court appointed Corey Day, Esquire, as PCRA counsel. Attorney Day filed a *Turner*/*Finley* "no-merit" letter on October 19, 2019, seeking to withdraw. On October 28, 2019, the court issued a Rule 907 notice of its intent to dismiss. On November 26, 2019, the court dismissed Babinger's PCRA petition and granted Attorney Day's motion to withdraw. Babinger filed a timely *pro se* notice of appeal. Babinger alleged, *inter alia*, Attorney Day's ineffectiveness for his failure to serve Babinger with the "no-merit" letter. On July 24, 2020, this Court affirmed the dismissal of his petition as untimely and

---

[7] In fact, the trial court was required to treat this motion to restore his collateral appellate rights as a second **timely** PCRA petition. *See* ***Commonwealth v. Fairiror***, 809 A.2d 396, 397 (Pa. Super. 2022) (request for reinstatement of appeal rights must be considered subsequent PCRA petition). However, "the remedy of a *nunc pro tunc* appeal is intended to vindicate the appellant's right to appeal in certain extraordinary situations where that **right to appeal has been lost.** The remedy of an appeal *nunc pro tunc* is not as such intended to directly vindicate an appellant's right to counsel." ***Commonwealth v. Stock***, 679 A.2d 760, 764 (Pa. 1996) (emphasis added). Here, Babinger's petition to restore his appellate rights makes no claim that he was denied his right to appeal. Rather, Babinger claims that because he was not served with Attorney Kelly's no-merit letter, he was "unfairly prevented [] from making a timely, proper response to [Rule] 907 [notice]." Petition for Restoration of Appellate Rights and Appointment of New Counsel, 2/2/19, at 2. Thus, the court misstep is of no moment.

determined that the record showed Attorney Day had sent Babinger the "no-merit" letter. *See Commonwealth v. Babinger*, 1881 WDA 2019 (Pa. Super. filed July 24, 2020) (unpublished memorandum decision). On May 10, 2021, the Supreme Court of Pennsylvania denied Babinger's petition for allowance of appeal.

On September 24, 2021, Babinger filed a *pro se* "Motion to Dismiss," which the PCRA court treated as a third PCRA petition and denied as untimely on November 2, 2021. Babinger appealed. However, on March 2, 2022, this Court dismissed the appeal for failure to file a docketing statement. *See* Order, 3/2/22; Pa.R.A.P. 3517.

On June 7, 2022, Babinger filed the instant *pro se* PCRA petition, his fourth. On August 16, 2022, the PCRA court dismissed his petition as untimely. Babinger filed a timely appeal, and both he and the PCRA court have complied with Pa.R.A.P. 1925. Babinger raises the following issues for our review:

1. The [c]ourt did not return the petition to [Babinger] to freely allow for amendment or correction of the error stated in the [d]ismissal.

2. The [c]ourt did not order a hearing in compliance with [Pa.R.Crim.P.] 587 to establish the existence of [d]ouble [j]eopary, a non-waivable Constitutional right.

3. The [c]ourt did not consider the applicable rules in light of new case law regarding the appropriate application of [Rule] 907.

4. All prior counsel have been ineffective in their failure to proper[ly] raise the issue of [d]ouble [j]eopary.

*See* Rule 1925(b) Statement, 10/4/22.

- 5 -

Our scope and standard of review of the denial of a PCRA petition are well-settled:

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

***Commonwealth v. Heilman***, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

Preliminarily, we must determine whether Babinger's petition was timely filed and, if not, whether any exceptions to the PCRA time bar have been pled and proven in this case. ***See*** 42 Pa.C.S.A. § 9545(b) (any and all PCRA petitions shall be filed within one year of when judgment becomes final, unless petitioner pleads and proves exception); ***see also Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007) (when petitioner files untimely petition, jurisdictional limits of PCRA render claim incapable of review).

For the purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

There are three statutory exceptions to the PCRA's one year time-bar: (i) petitioner's failure to raise the claim was due to governmental inference in violation of either the Pennsylvania or United States Constitution; (ii) petitioner's claim is based upon facts unknown to petitioner and could not have been ascertained by the exercise of due diligence; (iii) petitioner asserts a constitutional right not previously recognized by either Pennsylvania or the United States Constitution and that right applies retroactively. *See* 42 Pa.C.S.A. §§ 9545(b)(i)-(iii).

On January 19, 2018, this Court affirmed Babinger's judgment of sentence. *See Babinger*, 1101 WDA 2016. Therefore, he had 30 days, or until February 19, 2018,[8] to appeal to the Pennsylvania Supreme Court, which he did not do. *See* Pa.R.A.P. 1113(a). Babinger then had one year, or until February 19, 2019, to file any and all PCRA petitions. *See* 42 Pa.C.S.A. § 9545(b). Because Babinger filed this, his fourth, petition on June 7, 2022, over three years past this deadline, it is patently untimely.

We now consider whether Babinger pled and proved a timeliness exception. Babinger argues that he meets the third exception to the PCRA timeliness requirement. Specifically, he claims that *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) provides a constitutional right not

_____

[8] The thirtieth day from the entry of the order affirming Babinger's judgment of sentence fell on a Sunday. Accordingly, Babinger had until the following Monday to timely file a petition for allowance of appeal. *See* 1 Pa.C.S.A. § 1908 (when the last day of any period of time referred to in statute shall fall on a Saturday or Sunday, such day shall be omitted from computation).

recognized until after his one-year time bar expired. He argues that **Bradley** provides "a mechanism to allege ineffective assistance of PCRA counsel." PCRA Petition, 7/7/22, at 3. Babinger alleges that he "notified the court of the ineffective assistance of PCRA [c]ounsel immediately after the first petition was preliminarily dismissed, however, the court ignored the objection (docketed October 12, 2018)." Appellant's Brief, at 4. Babinger is entitled to no relief.

In **Bradley**, the defendant appealed from the denial of a **timely-filed** first PCRA petition raising a claim of prior PCRA counsel's ineffectiveness. The Pennsylvania Supreme Court concluded that this claim was **not waived**: "a petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401. The **Bradley** concurrence stressed that the Court's decision did "not create an exception to the PCRA's jurisdictional time-bar." **Id.** at 406 (Dougherty, J., concurring); **Commonwealth v. Stahl**, --- A.3d ---, 2023 PA Super 17 (Pa. Super. filed Feb. 7, 2023) (highlighting **Bradley** "unambiguously rejected the filing of successive untimely PCRA petitions as a permissible method of vindicating the right to effective representation by PCRA counsel"). **See also Commonwealth v. Johnson**, 870 EDA 2022 (Pa. Super. filed Feb. 22, 2023)

(unpublished memorandum decision) (declining to extend **Bradley** to fourth untimely filed PCRA petition).[9]

Additionally, in **Commonwealth v. Dixon**, 1145 EDA 2022, *6 (Pa. Super. filed Dec 28, 2022) (unpublished memorandum decision), our Court stated, "**Bradley** does not trigger the [newly recognized constitutional right] timeliness exception [because **Bradley**] is properly understood as a reassessment of appellate procedure involving claims for collateral relief[, and not] a decision by the Pennsylvania Supreme Court [recognizing] a new and retroactive constitutional right outside the permissible filing period provided under the PCRA." **Id.** at *6. **See Commonwealth v. Morton**, 614 WDA 2022, *2 (Pa. Super. filed Jan. 6, 2023) (unpublished memorandum decision) (rejecting petitioner's claim that **Bradley** creates a "new constitutional right" timeliness exception). **See also Commonwealth v. Carter**, 800 WDA 2022, *5 (Pa. Super. filed April 11, 2023) (unpublished memorandum decision) (rejecting petitioner's claim that **Bradley** creates a new constitutional right that applies retroactively).

Instantly, similar to **Johnson**, Babinger appeals from an **untimely** PCRA petition. Furthermore, because **Bradley** has not created a new and retroactive constitutional right granting petitioners an avenue to circumvent the PCRA's jurisdictional time-bar, **see Dixon**, **supra**, Babinger has failed to plead and prove a timeliness exception. Babinger's PCRA petition remains

---

[9] Pursuant to Pa.R.A.P. 126, unpublished non-precedential decisions of the Superior Court published after May 1, 2019, may be cited for persuasive value.

untimely and, therefore, the trial court lacked jurisdiction to consider it on the merits.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/15/2023